IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FBM PROPERTY MANAGEMENT, | § | |
| Plaintiff, | § § § | |
| V. | § | No. 3:17-cv-2816-G-BN |
| EDDIE WRIGHT, | § § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Eddie Wright, proceeding *pro se*, removed to this Court this civil action arising out of an eviction proceeding brought in state court by Plaintiff FBM Property Management – on the basis that federal question jurisdiction under 28 U.S.C. § 1331 exists. This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge A. Joe Fish.

On October 16, 2017, the undersigned entered an order questioning the existence of federal subject matter jurisdiction and requiring that, by November 15, 2017, Wright file a properly-supported, written response to establish that jurisdiction exists or, alternatively, submit a written response advising the Court whether he will agree that the case should be remanded to state court. *See* Dkt. No. 5. On November 13, 2017 – the deadline to do so, *see* 28 U.S.C. § 1447(c); FED. R. CIV. P. 6(a)(1)(C) – FBM moved to remand this action to state court, *see* Dkt. Nos. 6 & 7. Wright has failed

to respond to either the October 16, 2017 order or, as required by an order entered November 14, 2017 [Dkt. No. 8], the motion to remand, and the deadline to do either has passed.

Therefore, because FBM will not be prejudiced by the Court not waiting to receive its reply brief (due December 29, 2017), *see id.*, the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should grant the motion to remand, award FBM reasonable attorneys fees ($1,875.00) under Section 1447(c), and remand this action to Justice Court Precinct No. 1, Navarro County, Texas, the court from which it was removed.

## Legal Standards and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

The removing party bears the burden of establishing jurisdiction. *See Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). A federal court's jurisdiction is limited, and federal courts generally may hear only a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. "As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege

a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citation and internal quotation marks omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

As applicable here, the Notice of Removal does not appear to establish federal question jurisdiction under 28 U.S.C. § 1331, which "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "A civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law," and, "[t]o determine whether the claim arises under federal law, we examine the 'well pleaded' allegations of the complaint and ignore potential defenses: [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution." *Anderson*, 539 U.S. at 6 (citation and internal quotation marks omitted).

To support removal, then, a defendant "must locate the basis of federal jurisdiction in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995). "A federal question

exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter*, 44 F.3d at 366). Several pleadings or portions of pleadings from the state eviction proceeding are attached to the Notice of Removal, and there are no allegations on those page to support federal question jurisdiction. *See* Dkt. No. 3 at 7-13.

To the extent that Wright believes that his federally-protected civil rights have been violated, *see id.* at 2, 3 ("Pleadings intentionally fails to allege compliance with the Civil Rights Act of 1968. Defendant maintains there are prejudicial issues as defendant is African American and the Plaintiff is Caucasian.... Defendant is a member of a protected class of whom the statute, the 'Civil Rights Act of 1968' was created."), any belief that asserting a defense or counterclaim based on a federal civil rights statute in a state-law-based eviction action confers federal question jurisdiction is an "overly broad understanding of federal jurisdiction," *Fed. Nat'l Mortg. Ass'n v. Smith*, No. 3:13-cv-1901-K-BN, 2013 WL 1759521, at *5 (N.D. Tex. Apr. 5, 2013) (collecting cases, including *Fed. Nat'l Mortg. Ass'n v. Perez*, No. CV 13-01082 MMM (SHx), 2013 WL 1010535, at *3 (C.D. Cal. Mar. 14, 2013) ("With respect to the remaining statutes cited by Perez, e.g., the securities fraud statutes, the [Fair Debt Collection Practices Act], the civil rights statutes, the ESSA and the ARRA, they are neither expressly nor implicitly raised in plaintiff's complaint, and defenses and potential counterclaims will not support federal question jurisdiction.")), *rec. adopted*, 2013 WL 1763479 (N.D. Tex. Apr. 24, 2013).

A defense or counterclaim, even if it is based in federal law or raises a disputed

question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson Cty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (internal quotation marks omitted). Thus, "there is generally no federal jurisdiction if the

plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490. When a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008); *see also Anderson*, 539 U.S. at 8 ("Thus, a state claim may be removed to federal court in only two circumstances – when Congress expressly so provides, such as in the Price-Anderson Act, or when a federal statute wholly displaces the state-law cause of action through complete pre-emption." (citation omitted)); *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 680 (5th Cir. 2001) ("Thus, to support removal, the defendant must show that a federal right is an essential element of the plaintiff's cause of action.").

In the Notice of Removal, Wright does not allege, much less show, that FBM raised in its state-court eviction action any causes of action under federal law or any substantial, disputed question or issue of federal law or that FBM's state-law claims are completely preempted by federal law. As a result, subject matter jurisdiction does not exist under Section 1331. *See, e.g., Stump v. Potts*, 322 F. App'x 379, 380 (5th Cir. 2009) (per curiam) ("The complaint filed in the state court was a simple suit to evict arising under state law. The complaint provided no basis for federal question jurisdiction. The fact that Potts brought up possible federal question claims in her answer and counterclaim cannot be considered in determining the existence of removal jurisdiction. Therefore, the district court lacked jurisdiction to allow the removal of the action." (citations omitted)); *cf. Fed. Nat'l Mortg. Ass'n v. Elliott,* No. 3:10-cv-1321-L,

2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) ("Forcible detainer actions do not meet [the well-pleaded complaint rule's] standard. Plaintiff's Complaint is simply one to evict Defendants and obtain physical possession of the Property under state law. The Complaint raises no federal claim or issue and provides no basis for federal question jurisdiction. The proper court for a forcible detainer action under Texas law is '[a] justice court in the precinct in which the real property is located....' TEX. PROP. CODE ANN. § 24.004 (Vernon 2000). There is no state action in a non-judicial foreclosure and subsequent forcible detainer action. *See Barrera v. Security Bldg. & Inv. Corp.*, 519 F.2d 1166, 1174 (5th Cir. 1975). Because the Complaint does not raise a federal issue and no state law claim has been completely preempted by federal law, this court lacks subject matter jurisdiction on this basis to entertain this action."); *U.S. Bank Nat'l Ass'n v. McAfee*, No. 4:12-cv-804-A, 2013 WL 48500, at *1-*2 (N.D. Tex. Jan. 3, 2013) (remanding forcible detainer action under similar circumstances); *Wells Fargo Bank v. Matts*, No. 3:12-cv-4565-L, 2012 WL 6208493, at *4-*5 (N.D. Tex. Dec. 13, 2012) (same).

For these reasons, the motion to remand should be granted.

Further, because Wright's removal was wrongful, FBM seeks its attorneys' fees under 28 U.S.C. § 1447(c), which in part provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal," *id.*; *see* Dkt. No. 6 at 8-9.

The "decision to grant or deny attorneys' fees under Section 1447(c) is discretionary." *Western Healthcare, LLC v. Nat'l Fire & Marine Ins. Co.*, No. 3:16-cv-

565-L, 2016 WL 7735761, at *2 (N.D. Tex. Dec. 28, 2016) (citing *Admiral Ins. Co. v. Abshire*, 574 F.2d 267, 280 (5th Cir. 2009)), *rec. accepted*, 2017 WL 118864 (N.D. Tex. Jan. 12, 2017). And the standard for awarding fees under Section 1447(c) "turns on the reasonableness of the removal." *Id.*

Under this standard, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal [at the time removal was sought.] Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citing *Hornbuckle v. State Farm Lloyds*, 358 F.3d 538, 541 (5th Cir. 2004); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000)). And "[i]t is not necessary to show that a removing defendant acted in bad faith or other ulterior motive to award attorneys' fees under Section 1447(c)." *Western Healthcare*, 2016 WL 7735761, at *2 (citation omitted).

Although Wright is proceeding *pro se*, that does not excuse his actions immediately after removal – namely, refusing to respond to the October 16, 2017 order [Dkt. No. 5], which the undersigned entered to assist a *pro se* party's understanding of federal subject matter jurisdiction and to expedite the remand of this action without the need for a motion to remand. Wright's inaction forced FBM to incur attorneys' fees to seek to remand the case. And, given the lack of an objectively reasonable basis for removal, which the Court set out in the October 16, 2017 order – prior to FBM's incurring appreciable attorneys' fees connected to the remand of this action – FBM is entitled to recover as reasonable attorneys' fees the sum of $1,875, an amount

established by uncontested evidence. *See* Dkt. No. 7 at 31-34 (Affidavit of William C. Little, Esq.).

For these reasons, the Court should award FBM $1,875.00 as reasonable attorneys' fees under Section 1447(c).

**Recommendation**

The Court should grant Plaintiff FBM Property Management's motion to remand [Dkt. No. 6], award FBM reasonable attorneys fees ($1,875.00) under 28 U.S.C. § 1447(c), and remand this action to Justice Court Precinct No. 1, Navarro County, Texas, the court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 22, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE